United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM B. DENKERS and GLORY M. DENKERS,

    Defendants.

No. C 09-03403 WHA

**ORDER GRANTING MOTION FOR LEAVE TO RECONSIDER**

## INTRODUCTION

In this federal tax collection action, the government seeks leave to file for reconsideration of the April 23 order granting defendants motion for reconsideration, and to reinstate its previous summary judgment order of March 29, 2010. For the reasons discussed below, the motion for leave to file a motion for reconsideration is **GRANTED**.

## STATEMENT

Defendants William B. Denkers and Glory M. Denkers filed joint U.S. individual income tax returns for the tax years of 1995, 1996, 1997, 1998, 1999, 2000, and 2001 (Stamm Decl. Exhs. 8–13). They readily admit, however, that they did not pay the full amount owed for any of these tax years due to a variety of medical ailments and related expenses (G. Denkers Decl. ¶¶ 2–13). The IRS made assessments against defendants pursuant to these seven joint income tax returns. During these seven years, defendants unsuccessfully attempted to reach a compromise with the

1  IRS over their unpaid tax liabilities (G. Denkers Decl. ¶¶ 14–15). On July 24, 2009, the United
2  States filed this action pursuant to 26 U.S.C. 7402(a) to reduce defendants' federal income tax
3  assessments for tax years 1995 through 2001 to judgment (Dkt. 1).

4  On March 29, 2010, summary judgment was granted for the government. Subsequently,
5  on April 16, defendants sought leave to move for reconsideration. On April 23, defendants
6  received leave to move for reconsideration on the specific issue of the applicable tolling period
7  for the Collection Statute Expiration Date. The order set a specific briefing schedule for the
8  parties. Defendants filed their motion by the appropriate deadline, May 6, 2010. Defendants
9  argued that after they had filed their opposition to the government's motion for summary
10  judgment, the government produced documents that changed how the applicable tolling period
11  should be calculated. The change in calculation would affect defendants' tax assessments for at
12  least one of the years in question.

13  The government failed to file an opposition by the May 13 deadline. Accordingly, the
14  motion for reconsideration was granted on May 26. On July 8, the government filed a motion
15  to seek leave of the Court to reconsider its April 23 order and requested full reinstatement
16  of summary judgment. The government claims that the attorney responsible for replying to
17  defendants' motion did not receive or inadvertently deleted the order setting out the briefing
18  schedule on the matter. The government claims to have been unaware of the schedule until
19  June 3, and seeks leave to file a motion to reconsider the April 23 order.

**ANALYSIS**

21  The government acknowledges that its motion is untimely. It moves for leave to file
22  a motion for reconsideration, maintaining, that there exist no genuine issues of material fact.
23  The government contends that even if it admitted defendants' claims about the mistaken
24  calculation of the tolling period, it still filed suit within the appropriate statute of limitations.
25  The government asserts that summary judgment is still proper. Rule 60 states that grounds for
26  relief from an order can include mistake, fraud, or misrepresentation by an opposing party.
27  The discrepancy in the parties' calculation of the tolling period must be resolved.

Furthermore, the government challenges whether the documents upon which defendants based their reconsideration arguments were actually 'new documents' as required by the April 23 order. New documents were defined as those documents produced by the government that were not available at the summary judgement stage. The government contends that the documents defendants used did not fall within this category. Defendants claim in their motion for leave to file for reconsideration that, "the documents were not available earlier because they were produced to Defendants until its supplemental production of documents . . ." (Dkt. 55). The government denies this assertion.

At this juncture, it is unclear whether or not these documents were produced by supplemental discovery. The parties' claims directly oppose one another and clarification is necessary to determine when and how these documents were produced. It appears that at least one of the parties has misrepresented how these documents were acquired by defendants and why they were not considered in earlier motions. Although the government's motion is untimely, under Rule 60, the potential misrepresentations involved in this action justify reconsideration of the issue. Accordingly, the government's motion for leave to reconsider is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the government's motion for leave to reconsider its April 23 order is **GRANTED**. The government's current motion, (Dkt. No. 60), will serve as its motion for reconsideration. Defendants have **SEVEN CALENDAR DAYS** to file an opposition. The government may file a reply no later than **FOUR CALENDAR DAYS** after the date the opposition is filed. All briefs will be limited to five pages in length, double-spaced with no footnotes. Briefs will be strictly limited to the preliminary question of whether the government can establish that false representations were made to the Court. An evidentiary hearing will be held if necessary.

**IT IS SO ORDERED.**

Dated: July 26, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3