IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

WILLIAM B. DENKERS and
GLORY M. DENKERS,

    Defendants.
                                  /

No. C 09-03403 WHA

**ORDER GRANTING MOTION FOR RECONSIDERATION AND REINSTATING THE MARCH 29 SUMMARY JUDGMENT ORDER**

        This action has followed a tortuous path since the government's motion for summary judgment was granted on March 29, 2010 (Dkt. No. 48). Just days after that order was filed, defendants moved for leave to file a motion for reconsideration of virtually every issue resolved by the March 29 order (Dkt. No. 50). The motion was denied, since defendants had failed to provide any proper basis for reconsideration under Civil Local Rule 7-9 (Dkt. No. 50).

        Defendants then filed a second motion for leave to move for reconsideration of the March 29 order. In that motion, defendants made the following representation to the Court (Dkt. No. 55) (emphases added):

> Per Local Rule 7-9(b)(1), there are *additional documents* and facts that speak to material facts concerning the time periods within which Plaintiff had to file suit. *The documents were not available earlier because they were produced to Defendants in its supplemental production of documents, . . . which were received after Defendants had filed their opposition to the motion for summary judgment*.

Shortly thereafter, defendants went on to explain that "there are additional documents, *notices of intent to levy*, showing that Plaintiff conducted collection efforts in early March 2004 and again in early February 2005[.]" These notices, according to defendants, were evidence that the applicable statute of limitations for the government's claims had *not* been tolled for as long as the government had contended, since the government is not allowed to levy when the limitations period is tolled (and vice-versa). *See* 26 U.S.C. 6331(k)(1), 6503(a)(1).

On March 29, defendants were granted leave to brief the question of whether these "additional documents" that they supposedly did not have created a genuine issue of material fact regarding the proper tolling period for the statute of limitations (Dkt. No. 56). Reconsideration was strictly limited to this one issue. Defendants submitted their brief shortly thereafter (Dkt. No. 57). The government, however, failed to file any opposition to defendants' reconsideration request. Accordingly, based upon defendants' unopposed motion and relying heavily upon the "notices of intent to levy" attached thereto, defendants' motion for reconsideration of the March 29 order was granted (Dkt. No. 59).

Over a month went by without a peep from either side. Then, in a bizarre twist of events, the government awoke from its slumber on July 8 and moved for reconsideration of the April 23 order (which allowed defendants to brief their motion for reconsideration) (Dkt. No. 60). In its motion, the government explained that due to a technical mishap, it had not received notice of the briefing schedule for defendants' motion for reconsideration in April. The government then went on to assert that the "notices of intent to levy" mentioned above were *not* "additional documents" that had been produced after defendants' summary judgment opposition brief had been filed. Rather, according to the government, defendants had the notices in their possession all along.

Given this alarming accusation, both sides were ordered to address the question of "whether the government can establish that false representations were made to the Court" in connection with defendants' motion for reconsideration of the March 29 order (Dkt. No. 65).

          *        *        *

After reviewing the responses filed by the parties, the answer to this question is clear: defendants misled the Court into thinking that the "notices of intent to levy" were "additional

documents" that "were not available earlier because they were produced to [d]efendants . . . after [they] had filed their opposition to the motion for summary judgment." *This was not true*, as defendants now admit (Dkt. No. 66 at 2). Rather, defendants now assert that the notices and their relevance were merely "brought to [their] attention" by the government's late document production. This, of course, is a specious argument. On their face, the notices were clearly relevant to defendants' argument that the statute of limitations had not been tolled. Despite having them in their possession, however, defendants chose *not* to make the argument in their summary judgment opposition brief. Instead, defendants dedicated pages of their brief to a failed "bad faith" and "unclean hands" argument.

Only three grounds justify allowing a party to move for reconsideration of a prior order:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the . . . order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil Local Rule 7-9. Defendants were granted leave to brief their reconsideration request of the March 29 order *only* because of the supposed existence of "additional documents" that the government had not timely produced.

Since defendants now admit that the "notices of intent to levy" — upon which the order granting defendants' motion for reconsideration expressly relied — were in their possession all along, defendants were not entitled to move for reconsideration based upon these notices in the first place. As such, the May 26 order granting defendants' motion for reconsideration of the March 29 order is **VACATED**. Defendants cannot rely upon the "notices of intent to levy" to file what would essentially be a second opposition brief to the government's motion for summary judgment. Additionally, defendants have produced no truly genuine "additional documents" from the government's untimely production showing any genuine issues of material fact remaining for

3

trial.* For these reasons, the March 29 order granting the government's motion for summary judgment in full is **REINSTATED**.

For the purposes of entering judgment, the government shall file by **NOON ON TUESDAY, AUGUST 17**, a breakdown of the tax assessments for the years in dispute with adjustments consistent with the March 29 order. A grand total of the judgment amount should also be provided. Defendants will have until **NOON ON THURSDAY, AUGUST 19**, to contest whether the math is correct, reserving all objections as to substance. Judgment will then be entered accordingly.

**IT IS SO ORDERED.**

Dated: August 12, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

\* To focus the issues, the government conceded in its brief that the tolling period calculated in the March 29 order should be reduced by 26 days. No substantive reason was given for this concession, except to emphasize the fact that it doesn't affect the outcome — even crediting defendants with this 26-day adjustment, all of the government's claims remain timely.

4